## VILÁ *v.* MORALES.

APELACIÓN procedente de la Corte de Distrito de

Humacao.

No. 23. Resuelto en Octubre 12, 1905.

APELACIÓN.—ORDEN DENEGANDO EL NOMBRAMIENTO DE UN SÍNDICO.—Una resolución denegando el nombramiento de un síndico es una resolución interlocutoria, y no estando comprendida entre las que taxativamente se enumeran en el artículo 295 del Código de Enjuiciamiento Civil, no es una resolución apelable para ante el Tribunal Supremo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. López Landrón.*

Abogado del apelado: *Sr. Sarmiento.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

La presente apelación fué presentada ante este tribunal el 16 de marzo de 1905. Dicha apelación fué interpuesta contra una orden dictada por el Tribunal de Distrito de Humacao en 7 de febrero último, desestimando una moción por la que se solicitó el nombramiento de un síndico. La orden denegando dicha moción no aparece en los autos, pero de otros documentos puede deducirse de que tal era su objeto. Así se consigna en el aviso de apelación presentado por el abogado del apelante ante el Tribunal de Distrito en 10 de febrero último. El objeto de la moción también puede deducirse del alegato presentado por el apelante en este Tribunal. La razón alegada por el Tribunal de Distrito al denegar la moción parece

haber sido de que el fraude alegado no resultó suficientemente probado.

Pero no importa cuál haya sido el motivo en que el Tribunal de Distrito ha fundado su providencia. La primera cuestión que debe resolver este Tribunal al presentársele una apelación para su determinación, es una cuestión de competencia. El artículo 295 del Código de Enjuiciamiento Civil (Véanse las leyes de 1904, página 258) define la jurisdicción apelativa de este tribunal. Los casos en los cuales se podrá interponer ante el Tribunal Supremo recursos de apelación contra sentencias dictadas por un Tribunal de Distrito se dividen en dicho artículo en tres clases. La primera se refiere á sentencias definitivas dictadas en causas originalmente presentadas ante el Tribunal de Distrito. La segunda se refiere á sentencias dictadas en apelación por el Tribunal de Distrito contra decisiones de un tribunal inferior. La tercera se refiere á autos interlocutorios dictados por el Tribunal de Distrito durante el curso de la causa, entre la presentación de la demanda y el pronunciamiento de la sentencia definitiva, y á otras providencias especiales dictadas después de la sentencia definitiva.

Siendo el auto contra el cual se ha interpuesto la apelación, un auto interlocutorio, debe gobernarse por el tercer párrafo del artículo anteriormente citado. Entre las siete clases de providencias ú órdenes mencionadas en dicho artículo no se ha enumerado ninguna orden denegando el nombramiento de un síndico. No hay ninguna clase en la cual se pueda incluir tal orden mediante una justa y legítima interpretación.

Por cuanto la jurisdicción de este Tribunal se halla definida por el Código de Enjuiciamiento Civil y especialmente por el artículo anteriormente citado, resulta claramente que este Tribunal no tiene jurisdicción apelativa

en este asunto, y por esta razón debe desestimarse la presente apelación.

*Desestimada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.